[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 15-14941
Non-Argument Calendar

————————————————

D.C. Docket No. 8:10-cr-00530-VMC-AEP-3

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARCO BELTRAN,

Defendant - Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

————————————————

(May 31, 2016)

Before HULL, MARCUS, and JORDAN, Circuit Judges.

PER CURIAM:

Marco Beltran, a federal prisoner proceeding *pro se*, appeals from the district court's denial of his motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 782. On appeal, Mr. Beltran argues that the district court erred in concluding that Amendment 782 did not reduce his sentencing guideline range. Mr. Beltran contends that the district court relied on an inaccurate calculation of his post-amendment guideline range, which he says took into account only some, but not all, of the sentencing reductions he had received for his substantial assistance. After review of the record and the parties' briefs, we affirm.

**I**

Because we write for the parties, we assume their familiarity with the underlying facts of the case and recite only what is necessary to resolve this appeal.

In 2011, Mr. Beltran pled guilty to conspiring to commit a variety of Oxycodone-related drug offenses in violation of 21 U.S.C. § 841(a)(1), and other federal statutes, and two counts of money laundering in violation of 18 U.S.C. §§ 1957 & 2. The PSI indicated that Mr. Beltran was responsible for 4,500 grams of Oxycodone, which corresponded to a marijuana equivalent of 30,150 kilograms under the then-applicable Drug Quantity Table in U.S.S.G. § 2D1.1, and which yielded a base offense level of 38. The PSI recommended a two-level enhancement for obstruction of justice, pursuant to U.S.S.G. § 3C1.1, which

2

resulted in a total offense level of 40. Based on an offense level of 40 and a criminal history of IV, Mr. Beltran's advisory guideline range was 360 months to 480 months' imprisonment.

At sentencing, the district court granted the government's motion for a two-level downward departure for substantial assistance pursuant to U.S.S.G. § 5K1.1. The court noted that Mr. Beltran's offense level was reduced from 40 to 38, making his advisory guideline range 324 to 405 months' imprisonment. To avoid a significant disparity in sentencing between Mr. Beltran and his co-defendants, the government also requested that the court impose Mr. Beltran's sentences concurrently, with his total sentence at the 20-year maximum for the Oxycodone-related offenses pursuant to 21 U.S.C. §§ 841(a) and (b). The court granted that request. Mr. Beltran then explained that, given the government's 20-year recommendation, his offense level was 35, and after the two-level § 5K1.1 reduction, it was 33, which would yield an advisory guideline range of 188 to 235 months' imprisonment. The government agreed that a sentence of 188 months' imprisonment would be at the low end of the applicable guideline range. The district court then sentenced Mr. Beltran to a total sentence of 188 months' imprisonment.

After sentence was imposed, the district court submitted a statement of reasons, which explained "[t]he court varied from the advisory guideline range

3

after applying a two level reduction for substantial assistance, and imposed a sentence of 188 months imprisonment to prevent a disparity of sentences between similarly situated co-defendants in this case."

In 2015, the government moved for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35 based on Mr. Beltran's substantial assistance. The motion noted that Mr. Beltran had acted as a confidential informant for Florida law enforcement, and he had testified in two federal cases and two state cases. The government asked for an eight-level downward departure, which would put Mr. Beltran at a base offense level 25, a criminal history category IV, and yield an advisory guideline range of 84 to 105 months' imprisonment.

In response, Mr. Beltran requested a twelve-level reduction under Rule 35 as well as a two-level reduction pursuant to Amendment 782. The government argued that the district court could not consider Mr. Beltran's request for a two-level reduction under Amendment 782 at a Rule 35 hearing. Mr. Beltran said that he believed each of his co-defendants had received the two-level Amendment 782 reduction during their respective Rule 35 hearings, but the court responded that it could not confirm that due to a computer issue. Mr. Beltran then suggested that the Amendment 782 issue be left for another day.

After some discussion over whether Mr. Beltran should receive more than an eight-level reduction for his substantial assistance, the government stated that Mr.

4

Beltran's cooperation had been necessary in other cases, and accordingly, agreed that Mr. Beltran should receive a ten-level reduction.   The district court then granted Mr. Beltran a ten-level reduction of sentence, and calculated Mr. Beltran's new offense level at 23 with a corresponding advisory guideline range of 70 to 87 months' imprisonment.   The court noted that Mr. Beltran could also receive a reduction under Amendment 782 if he qualified, but that issue would be resolved at a later date.   The court then imposed a new total sentence of 70 months' imprisonment.

A few days later, Mr. Beltran filed a *pro se* motion requesting a two-level reduction of sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782. The probation office prepared a memorandum explaining that Mr. Beltran's 70-month sentence was lower than the amended guideline range including comparable downward departures for substantial assistance.   The memorandum indicated that Mr. Beltran's amended offense level, including downward departures for substantial assistance, would have been 26—i.e., the result when one starts with Mr. Beltran's original base offense level of 40 and then subtracts two levels for Amendment 782 and twelve levels for his substantial assistance.   An offense level of 26 with a criminal history category IV results in an amended guideline range of 92 to 115 months' imprisonment.   Because Mr. Beltran was serving a sentence of 70 months' imprisonment, below the amended guideline range, the probation

5

office recommended denying Mr. Beltran's § 3582(c) motion.    The district court denied Mr. Beltran's motion, and Mr. Beltran timely appealed.

On appeal, Mr. Beltran argues that the district court erred because it did not include all of the sentencing reductions he had received for his substantial assistance.  He contends that, in total, his sentence was reduced by 17 levels, and not 12 levels, as the probation officer had concluded.

## II

We review *de novo* a district court's conclusions about the scope of its legal authority under 18 U.S.C. § 3582(c)(2).  *See United States v. Jones*, 548 F.3d 1366, 1268 (11th Cir. 2008).  We review the district court's factual findings for clear error.  *See United States v. Davis*, 687 F.3d 1300, 1303 (11th Cir. 2009).  Under § 3582(c)(2), a district court may reduce the prison sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."    18 U.S.C. § 3582(c)(2).

## A

The grounds upon which a district court may reduce a defendant's sentence pursuant to § 3582(c)(2) are narrow.  *See United States v. Berry*, 701 F.3d 374, 376 (11th Cir. 2012).  For a defendant to be eligible for a reduction of sentence, the Sentencing Commission must have amended the guideline at issue, that

6

amendment must have lowered the defendant's applicable sentencing range, and the amendment must also be listed in U.S.S.G. § 1B1.10(d). *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a)(1) & cmt. (n.1(A)). The applicable sentencing range is a defendant's guideline range before any departures or variances. *See* U.S.S.G. § 1b10 cmt. (n.1(A)). To calculate the amended guideline range, the court substitutes only the retroactive changes and keeps all other guideline findings made at the original sentencing hearing constant. *See United States v. Bravo*, 203 F.3d 778, 780 (11th Cir. 2000).

Amendment 782 may serve, when applicable, as the basis for a reduction of sentence. *See* U.S.S.G. § 1B1.10(d). The amendment retroactively provides a two-level reduction in base offense levels for most drug quantities listed in § 2D1.1(c). *See* U.S.S.G. App. C, amend. 782. But a defendant may not receive a lower sentence than the one he would have received if the amendment had been in effect at the time of his sentencing. *United States v. Glover*, 686 F.3d 1203, 1206 (11th Cir. 2012). *See also United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) ("Section 3582(c)(2) does not authorize a sentence reduction if a guidelines amendment does not have the effect of reducing the defendant's sentence.").

Consistent with that notion, a court may not reduce a defendant's sentence under § 3582(c)(2) to a term less than the minimum of the amended guideline range unless the defendant previously received a below-guideline sentence based

7

upon the government's substantial assistance motion. *See* U.S.S.G. § 1B1.10(b)(2). In that case, a court may give a defendant who previously received a below-guideline sentence, based upon a § 5K1.1 departure, a sentence comparably less than the amended guideline range. *See* U.S.S.G. § 1B1.10, cmt. (n.3). But a defendant who did not receive a substantial assistance departure is not entitled to a downward variance below the amended guideline range, even if that defendant had previously received a downward variance for some other reason. *See United States v. Colon*, 707 F.3d 1255, 1259–60 (11th Cir. 2013). In other words, only a substantial assistance departure (and not a downward variance) is calculated into the defendant's amended guideline range.

**B**

In its memorandum, the probation office noted that a comparable reduction in Mr. Beltran's sentence was twelve levels, which did not include the five levels that Mr. Beltran argues constituted another substantial assistance departure. The district court denied Mr. Beltran's motion for a reduction of sentence using the two-page AO 247 form.[1]

On the form order, the district court checked the box that indicated it was denying the motion. In the space provided on the form for additional comments, the district court explained that Mr. Beltran "is not eligible for a sentence

---

[1] The AO 247 is a standardized form used by district courts in denying or granting motions for sentence reductions pursuant to 18 U.S.C. § 3582(c)(2).

8

reduction, because the previously imposed sentence of 70 months is already lower than the low-end of the amended range including the comparable downward departures for substantial assistance." D.E. 425 (sealed). This conclusion does not amount to clear error. As explained above, during sentencing Mr. Beltran first received a two-level downward departure for substantial assistance pursuant to § 5K1.1, making his offense level 38 at that point in the hearing. The government then asked that Mr. Beltran's sentences run concurrently, so that his sentence would be a 20-year maximum and not out of proportion with the sentences imposed on his co-defendants. Eventually, both the district court and the government appeared to acknowledge that the 20-year maximum put Mr. Beltran's offense level at a 33—five levels below Mr. Beltran's post-§ 5K1.1 offense level of 38. The district court sentenced Mr. Beltran to 188 months' imprisonment, explaining that the decision to vary was "primarily" because of the potential for an unwarranted disparity between Mr. Beltran and his co-defendants.

Avoidance of unwarranted sentencing disparities between defendants is one of the factors the court will consider under § 3553(a) when imposing a sentence. Here, it seems the district court, in its discretion, decided to vary below the advisory guideline range in order to avoid the potential for sentencing disparity. The district court therefore did not err in declining to apply the five-level reduction

to Mr. Beltran's post-amendment sentence because it was a downward variance given for a reason other than substantial assistance. *See* U.S.S.G. § 1B1.10(b)(2).

## IV

The district court did not err when it denied Mr. Beltran's motion for a reduction of sentence pursuant to § 3582(c)(2).

**AFFIRMED.**